718 October 1, 2025 No. 858

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON MARK PERRYMAN,
*Defendant-Appellant.*

Washington County Circuit Court
24CR12148, 24CN01506; A184368 (Control), A184369

Janelle F. Wipper, Judge.

Submitted August 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Remanded for resentencing; otherwise affirmed.

**EGAN, J.**

In this consolidated appeal, defendant assigns error to special conditions of probation imposed after the trial court convicted him of attempted fourth-degree assault constituting domestic violence, based on his guilty plea, and found him in contempt, based on his admission that he violated a release agreement. The trial court sentenced defendant to three years of probation, the conditions of which included, among other things, that defendant not drive without a valid driver license, install an ignition interlock device, and complete a parenting class. However, those special conditions were not announced in open court at sentencing. Defendant contends that the trial court erred when it imposed the conditions without first announcing them in open court, and the state concedes the error.

Having reviewed the record, we agree with and accept the state's concession. *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) ("A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." (Internal citations omitted)). We remand for resentencing and otherwise affirm.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.